# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>GENESIS NANCE,<br><br>        Defendant. | Case No 4:25-cr-00013-RRB-SAO<br><br>**ORDER**<br><br>**REGARDING PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE**<br><br>**(Docket Nos. 51, 81, & 82)** |

## INTRODUCTION

A United States Pretrial Services Officer filed a Petition for Action on Conditions of Pretrial Release on January 22, 2026.[1] A warrant was issued for Defendant, who was taken into custody. Defendant appeared before this court on March 6, 2026, for revocation of release proceedings, including an evidentiary hearing, in accordance with 18 USC 3148(b).[2] Defendant has filed an expedited request for a ruling, which the court now provides.

Pursuant to 18 U.S.C. § 3148(a), a person who has been released in accordance with 18 U.S.C. § 3142 and who has violated a condition of release is subject to a revocation of release, an order of detention, and prosecution for contempt of court. After consideration of the evidence presented, arguments of counsel, and information from Pretrial Services, this court orders the continued detention of Defendant and denies her

---

[1] Docket 51.
[2] Docket 70

request for release. Counsel may submit any requests for a placement recommendation for Defendant by March 26, 2026.

## DISCUSSION

Defendant was released on conditions on September 17, 2025.[3] These conditions included the conditions referenced as Violations 1-3 in the Petition for Action.[4] The conditions were modified on December 15, 2025, to allow the Defendant to attend treatment and employment without her Third-Party Custodian.[5]  Defendant was advised orally and in writing that violation of any condition of release could result in her arrest and incarceration through trial.

Under 18 USC § 3148(b)(1) this court does not find probable cause to believe Defendant committed a federal, state or local crime while on pretrial release. However, the court does find that there is clear and convincing evidence that Defendant violated conditions of her release identified in Violations 1 and 2 of the Petition for Action. The court does not find clear and convincing evidence that Defendant committed Violation 3 of the Petition.

**Violation 1**

The court finds that on December 28, 2025, Defendant was restricted by a curfew, with the parameters of the curfew left to the discretion of the Pretrial Services Officer.[6] In this case, the curfew in effect on December 28, 2025, required Defendant to be at her residence between 10:00pm and 7:00am every day. Considering the testimony of verification by the electronic monitoring which alerted the Pretrial Services Officer to the

---

[3] Docket 22.
[4] Docket 51.
[5] Docket 41.
[6] Condition 7(q)(1) of the Release Conditions, Dockets 22 and 41.

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*                    *2*
Order on Petition for Action on Conditions of Pretrial Release
Case 4:25-cr-00013-RRB-SAO     Document 84     Filed 03/24/26     Page 2 of 7

Defendant's status that evening, the court finds that Defendant left her residence at 10:26pm and returned at 10:52pm. Defendant later admitted she had departed the residence during this time to retrieve her wallet at the laundromat. The Third-Party custodian had not contacted the Pretrial Services Officer during that time to notify her that Defendant had violated her conditions of release. The court finds by clear and convincing evidence that the Defendant committed Violation 1 by failing to abide by her curfew requirement on December 28, 2025.

**Violation 2**

Violation 2 alleges that Defendant used Fentanyl. Defendant's release conditions stated: "Defendant must not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner."[7] Following her September 17, 2025, release on conditions, Defendant began substance abuse treatment in December 2025. On January 12, 2026, Defendant provided a urine sample to the Pretrial Services Office that initially tested positive for Fentanyl. Abbott Laboratories confirmed Defendant's sample was positive for Fentanyl utilizing a cutoff level of 0.5 ng/ml.

Testimony and evidence presented on this issue included testimony of the Pretrial Services Officer and that of Mr. Draper, an experienced nurse practitioner with a significant amount of experience in substance abuse and drug testing. The court accepted as evidence the drug test from January 12, 2026, and confirmation by Abbott Laboratories,[8] Drug Testing Reports from Defendant's treatment program,[9] and Group

---

[7] Dockets 22 and 41.
[8] Prosecution Exhibit 1.
[9] Defense Exhibit A.

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*            *3*
Order on Petition for Action on Conditions of Pretrial Release
Case 4:25-cr-00013-RRB-SAO    Document 84    Filed 03/24/26    Page 3 of 7

Progress Notes and Laboratory Results from Defendant's participation in the treatment program.[10]

Defendant consistently denied that the positive test resulted from her use of Fentanyl. She noted that she tested negative the following day in her substance abuse treatment program which utilized a cutoff level of 0.8 ng/ml. Defendant suggested that the positive result was not from knowing use of Fentanyl but the result of Defendant's work as a hairdresser.

The court did not find the defense arguments persuasive on this point. The defense witness testified that the half-life of Fentanyl typically ranges from three to thirty hours, meaning that the duration of time that the metabolite remains detectable by testing is measured in hours when utilizing a urine test. Here, Defendant provided a sample on January 12, 2026, which contained greater than the confirmation (or "cutoff") level of 0.5 ng/ml. If the level of metabolite had been either 0.6 ng/ml or even 0.7 ng/ml, then that same sample would simultaneously have tested negative if utilizing a 0.8 ng/ml cutoff level. Additionally considering the hours between the tests, the fact that the Defendant provided a sample the following day that tested negative utilizing a 0.8 ng/ml cutoff level does not necessarily undermine her positive test result from Pretrial Services.

While the defense witness reviewed Defendant's reports and opined that they showed "very low levels" of the Fentanyl metabolite, he concluded that he had no idea whether Defendant actually used Fentanyl in January 2026. For these reasons, even considering the defense argument and evidence, the court finds that the Government

---

[10] Defense Exhibit B. Placed under seal at the request of the parties.

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*                 *4*
Order on Petition for Action on Conditions of Pretrial Release
Case 4:25-cr-00013-RRB-SAO     Document 84     Filed 03/24/26     Page 4 of 7

showed by clear and convincing evidence that Defendant violated her Pretrial Release Conditions when she used or possessed Fentanyl on or about January 12, 2026.

**Violation 3**

Having heard the evidence for Violation 3 the court does not find clear and convincing evidence that the defendant "failed to participate in her pretrial supervision" on January 21, 2026.[11]

**Release Determination under 18 § 3148(b)(2)**

Considering the testimony and evidence from the March 6, 2026 hearing, the court finds that Defendant is unlikely to abide by any condition or combination of conditions of release imposed. The court further finds that there is no condition or combination of conditions of release that will assure that defendant will not flee or pose a danger to the safety of any other person or the community.

One of the foundational requirements of her release was that she not possess or consume illegal drugs. As described above, Defendant violated that condition by consuming Fentanyl on or about January 12, 2026. However, this was not the only time Defendant tested positive for Fentanyl during her period of release on conditions. Testimony and evidence at the hearing established that Defendant began substance abuse treatment in December 2025 and Defendant tested positive for Fentanyl on her first visit, in approximately early December 2025. Given the information regarding the limited window of detection by urine testing for use of Fentanyl, her positive test result from early December very likely resulted from an earlier use of Fentanyl while she was

---

[11] The Petition for Action at Docket 51 listed a date of January 21, 2025. Throughout the proceedings the parties recognized this as a clerical error and addressed as if Violation 3 was alleged to have occurred on January 21, 2026.

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*          *5*
Order on Petition for Action on Conditions of Pretrial Release
Case 4:25-cr-00013-RRB-SAO     Document 84     Filed 03/24/26     Page 5 of 7

on pretrial release starting September 17, 2025. Considering this information and the finding in Violation 1, it is clear the Defendant is unlikely to abide by conditions imposed by the Court.

The court also finds that there is no condition or combination of conditions of release that will assure that Defendant will not flee or pose a danger to the safety of any other person or the community. Defendant was released on restrictive conditions in September 2025 in part because of the nature of the offense for which she has been indicted and her prior criminal history, including conviction for a similar offense. An important component of her conditions was the use of a Third-Party Custodian. However, the use of a Third-Party Custodian has not sufficiently deterred the Defendant from committing these violations. The court notes that when Defendant committed Violation 1 by breaking her curfew, the Third-Party custodian did not contact the Pretrial Services Officer immediately to report Defendant's absence/violation.

While the court did not find clear and convincing evidence to support a finding that Defendant had committed Violation 3, the court nonetheless finds the circumstances concerning and relevant to the analysis of the sufficiency of the conditions. Testimony and evidence adduced that on January 21, 2026, for at least a brief period, the Pretrial Services Officer was not able to contact the Defendant or her Third-Party Custodian. Defendant's conduct on January 21, 2026, provides further evidence that no condition or combination of conditions of release will assure that she will not flee or pose a danger to the safety of another person or the community.

While the court recognizes that Defendant meaningfully participating in her substance abuse treatment and counseling while out of custody, her participation in this

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*                                        *6*
Order on Petition for Action on Conditions of Pretrial Release
Case 4:25-cr-00013-RRB-SAO     Document 84     Filed 03/24/26     Page 6 of 7

component of her release conditions was insufficient to mitigate the danger she poses to the community.

For these reasons, Defendant shall be detained pending further proceedings.

**Recommendations for Placement of Pre-trial Incarceration**

This court does not find that it has the authority to direct the United States Marshal Service (U.S.M.S.) to house a defendant at a particular location, even for pre-trial confinement. However, this court can make a recommendation to the U.S.M.S. on placement of the Defendant. The undersigned would consider any requests for a recommendation to the U.S.M.S. regarding placement. If counsel requests a recommendation from this court, they may file such a request by March 26, 2026.

## CONCLUSION

In light of the foregoing, Defendant's request for an expedited ruling is granted. The Clerk may terminate the motions at Docket nos. 81 and 82.

The Petition for Action on Conditions of Pretrial Release at Docket 51 is GRANTED as explained in this Order.

DATED this 24th day of March, 2026, at Fairbanks, Alaska.

S/ Scott Oravec
UNITED STATES MAGISTRATE JUDGE
SCOTT ORAVEC

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*    7
Order on Petition for Action on Conditions of Pretrial Release
Case 4:25-cr-00013-RRB-SAO    Document 84    Filed 03/24/26    Page 7 of 7