# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GENESIS NANCE,<br><br>Defendant. | Case No. 4:25-cr-00013-RRB-SAO<br><br>**RULING ON DEFENDANT'S MOTION FOR ORDER REGARDING CUSTODIAL PLACEMENT**<br>**(Docket 92)** |

## INTRODUCTION

On April 23, 2026, Defendant moved this court for an order directing her pretrial custodial placement at Hiland Mountain Correctional Center (HMCC) in lieu of her current location at Fairbanks Correctional Center (FCC).[1] The court provided an opportunity for counsel to provide supplemental authority or proposed language of a placement recommendation.[2] On May 6, 2026, Government counsel responded that they took no position on the Defendant's placement request.[3] Considering applicable statutes and regulations, case law, and the position of the parties, Defendant's Motion for an Order Regarding Custodial Placement is **GRANTED in part** and **DENIED in part**. As to Defendant's request for an order directing that she be relocated to HMCC, the motion is **DENIED**. As to Defendant's alternative request for a recommendation that she be relocated to HMCC, the motion is **GRANTED**.

---

[1] Docket 92.
[2] Docket 93.
[3] Docket 95.

## FACTS

Defendant is charged with one count of Possession of Controlled Substances with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi). An Enhanced Statutory Penalty is also alleged due to Defendant's prior conviction of participation in Drug Trafficking Conspiracy. The U.S. Attorney's Office filed the case as a Fairbanks case anticipating proceedings and trial would occur in Fairbanks, Alaska. Trial in this case is set to begin on August 10, 2026 at the U.S. Courthouse in Fairbanks, Alaska.

Defendant was released on conditions on September 17, 2025.[4] A Petition for Action on Conditions of Pretrial Release was filed on January 22, 2026 and Defendant was taken into custody.[5] After an evidentiary hearing, the court found that Defendant violated conditions of her release by failing to abide by her curfew requirement on December 28, 2025 and using or possessing fentanyl on or about January 12, 2026.[6] The court found that no condition or combination of conditions of release would assure that she would not flee or pose a danger to the safety of another person or the community and ordered Defendant detained on March 24, 2026.[7]

Defendant resided in Anchorage, Alaska during her release on conditions starting on September 17, 2025 until her arrest on the January 22, 2026 Petition for Action. The U.S. Marshals Service placed her into the Alaska Department of Corrections facility at HMCC in Eagle River, Alaska in accordance with the U.S. Marshals Service contract with the State of Alaska. HMCC is approximately 350 miles by road from the U.S. Courthouse

---

[4] Docket 22.
[5] Docket 51.
[6] Docket 84.
[7] Id.

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*                    *2*
RULING ON DEFENDANT'S MOTION FOR ORDER REGARDING CUSTODIAL PLACEMENT
Case 4:25-cr-00013-RRB-SAO    Document 96    Filed 05/29/26    Page 2 of 5

in Fairbanks, Alaska and 14 miles from the U.S. Courthouse in Anchorage, Alaska. Because there is no federal Bureau of Prisons facility in Alaska, all federal prisoners, pre- and post-trial, are held in State of Alaska Department of Corrections facilities throughout the state. The U.S. Marshals Service, while working with the Alaska Department of Corrections, ultimately designates a pre-trial prisoner's placement at a particular Alaska Department of Corrections facility.

## LEGAL AUTHORITY AND DISCUSSION

Defendant requests an order, or in the alternative a recommendation, directing that Defendant be returned to HMCC from FCC. Defendant bases her request on her prior stay at HMCC and its unique resources and programs "appropriate [for] Defendant's status."[8] Defendant points out that she "recently gave birth and is currently pumping her breast milk. Her husband, newborn child, and primary support system are located in Anchorage, and her placement at FCC significantly interferes with her ability to maintain these critical family connections during this time."[9]

This court cannot imagine the challenges of giving birth while in confinement and the accompanying desire to then be housed at a facility which would be closest to family, including her newborn. However, it is very well established that the decision on placement of a pretrial detainee rests not with the court, but the U.S. Marshals Service.

Broadly, 18 U.S.C. § 4086 states "United States Marshals shall provide for the safe-keeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." 28 CFR § 0.111(k) further details that

---

[8] Docket 92 at 1.
[9] Docket 92 at 2.

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*                                    *3*
RULING ON DEFENDANT'S MOTION FOR ORDER REGARDING CUSTODIAL PLACEMENT
Case 4:25-cr-00013-RRB-SAO     Document 96     Filed 05/29/26     Page 3 of 5

the U.S. Marshals Service is charged with "[s]ustention of custody of Federal prisoners from the time of their arrest by a marshal or their remand to a marshal by the court, until the prisoner is committed by order of the court to the custody of the Attorney General for the service of sentence..." As there are no federal housing facilities in Alaska, 28 C.F.R. § 0.111(o) authorizes "acquisition of adequate and suitable detention space, health care and other services and materials required to support prisoners under the custody of the U.S. Marshal who are not housed in federal facilities."

When determining placement, the U.S. Marshals Service must "weigh concerns of expense, administration, payment, access to the premises, and a veritable plethora of factors" relative to placement. Saunders v. United States, 502 F.Supp.2d 493, 496 (E.D. Va. 2007) (quoting Williams v. United States, 50 F.3d 299, 310 (4th Cir. 1995)). Information for many of the considerations of placement is known only to the U.S. Marshals Service. Some of these factors include the administration, payment, and access to the facility, the availability of travel between the facilities, and the availability of personnel to facilitate such travel. Relevant to these factors, this court knows little more than the information proffered by counsel in her motion and that trial is set in Fairbanks, Alaska on August 10, 2026.

However, several factors are relevant to Defendant's request for placement at HMCC. Relevant factors include "...whether appropriate medical or psychiatric care is available for an inmate's specific needs...".[10] Defendant's request, in part, revolves around the appropriateness of medical care for this particular inmate's needs. HMCC provided care to her before, during, and after she recently gave birth. HMCC appears to

---

[10] U.S. v. Espinoza-Arevalo, 2015 WL 9598299, at *5 (W.D. Mo. Dec. 30, 2015).

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance*                    *4*
RULING ON DEFENDANT'S MOTION FOR ORDER REGARDING CUSTODIAL PLACEMENT
Case 4:25-cr-00013-RRB-SAO    Document 96    Filed 05/29/26    Page 4 of 5

be the best equipped Alaska detention facility to continue to provide care for her because they are the sole female detention facility in Alaska. The consideration of providing breast milk for Defendant's child, as long as approved by a medical professional, should also be given weight in the placement analysis.

For these reasons, this court asks the U.S. Marshals Service in Alaska to give strong consideration to the very unique circumstances presented by this Defendant's pretrial incarceration when exercising its broad authority to house her. The analysis should include the relevant circumstances that Defendant recently gave birth in custody; her child had a low birth weight; her child is currently located in Anchorage, Alaska, nearest to the child's primary support system; Defendant continues to express milk for consumption by her child; and placement at HMCC would facilitate her child's consumption of her mother's milk (provided this is approved by a medical professional). These unusual circumstances appear to weigh significantly in favor of placement at HMCC rather than at FCC and should be strongly considered by U.S. Marshals Service in their placement decision.

### CONCLUSION

For the reasons stated, Defendant's Motion to order the U.S. Marshals Service to relocate the Defendant to HMCC is **DENIED**. However, this court recommends the U.S. Marshals Service house Defendant at HMCC until a reasonable period of time necessary for transportation of Defendant to FCC for her upcoming trial date.

DATED this 29th day of May, 2026, at Fairbanks, Alaska.

<u>S/ Scott Oravec</u>
UNITED STATES MAGISTRATE JUDGE
SCOTT ORAVEC

Case No. 4:25-cr-00013-RRB-SAO, *United States v. Nance* 5
RULING ON DEFENDANT'S MOTION FOR ORDER REGARDING CUSTODIAL PLACEMENT
Case 4:25-cr-00013-RRB-SAO    Document 96    Filed 05/29/26    Page 5 of 5